## B. A. Cotton, Administrator, Appellant, v. Lulu Worthing (now Lulu Worthing Haskins), Appellee.

### Gen. No. 6,363.

WILLS, § 483*—*when executor of will required to pay specific legacy made a charge on land out of residue of estate.* Where a husband and wife executed a joint will providing that each should take absolutely the other's property on his or her death and that upon the death of both that certain lands should go to a certain devisee upon his paying three hundred dollars to another devisee, to whom such sum was also specifically devised, but said lands were deeded by one of such testators after the other's death to the residuary legatee, so that such devise of said lands could not be carried out, *held* that the executor should, under the residuary clause of the will devising the residue of the estate "after paying all the aforesaid legacies," first pay such specific legacy of three hundred dollars, he having sufficient funds in his hands.

Appeal from the Circuit Court of Kendall county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 10, 1917.

W. M. MERCER and N. M. JONES, for appellant.

JOHN FITZGERALD and SEARS & SOLFISBURG, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

Henry Minard and Tirzah Minard, his wife, of Kendall county, Illinois, made a joint will December 1, 1883, in which after providing that on the death of one his or her property should go to the survivor absolutely, they declared their joint intention concerning the disposition of their property after they both should be dead. The will was probated in Kendall county, and a question there arising was before this court in *Wor-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*thing v. Hall,* 153 Ill. App. 587. Another question whether appellee, Lulu Worthing Haskins, should be paid a legacy in her favor by the personal representative has arisen on the final report of B. A. Cotton, administrator with the will annexed. It was decided in the County Court and in the Circuit Court on appeal in favor of appellee, and the administrator brings that part of the record which he deems material for consideration here for review, and presents in his abstract a stipulation of facts used on the trial in the Circuit Court, and portions of the will, a construction of which is presumed to govern the determination of the question here. In clauses 7 and 8 of the will were devises to Henry Minard and Eugene Minard, nephews of the testator, Henry Minard, to each a certain tract of land in Bourbon county, Kansas, with the statement as to each devise that the testators had executed a deed of said land to the devisee which would be found among their papers and effects, and a direction to the executor to deliver said deeds to said devisees respectively. Clauses 9 and 11 read as follows:

"Ninth. To Lulu Worthing six hundred dollars ($600) in money to be paid as follows, three hundred dollars ($300) by Henry Minard, and three hundred dollars ($300) by Eugene Minard in twelve months after they respectively receive from our executor the deed of a certain tract of land as specified in bequests seven and eight of this instrument."

"Eleventh. Our executors hereinafter named are hereby fully empowered with certain restrictions hereinafter specified for the purposes of this will to sell and convey all our real estate not hereinafter specifically devised, and collect our notes and mortgages, and reduce all our other property to money and after paying all the aforesaid legacies shall pay the residue to the trustees of the Garrett Biblical Institute of Evanston in the State of Illinois to be held by them and

their successors in trust forever, as a permanent fund for the use and benefit of the chair of practical theology of said Garrett Biblical Institute, the money so paid to the trustees to be by them placed at interest and the interest thereof only to be applied to the sustaining said chair in such manner and way as shall by the said trustees be deemed to be the most proper and beneficial.''

Clause 12 provided that the lands in Kendall county should not be sold for less than fifty-five dollars per acre, and directed the executors to sell the same and pay the proceeds to the trustees of the Garrett Biblical Institute ''as hereinbefore directed'' when they could sell for at least that price, and to lease the land and pay over the net rentals to said trustees until they could sell for that price.

It appeared in the stipulation of facts that the final report showed that three hundred dollars of the legacy to appellee is unpaid, and that there was in the hands of appellant a sum of money in excess of the amount of that legacy, and ''that all of the costs and expenses and all other legacies of said estate have been fully paid''; that the other three hundred dollars of the bequest to appellee had been paid by Henry Minard; that the deeds of land to Henry and Eugene Minard above mentioned were accidentally destroyed by fire during the lifetime of the testators and while in their possession, and that Tirzah Minard, after the death of Henry Minard, conveyed the lands in said deeds described to the Garrett Biblical Institute, the residuary legatee, and that the only property inventoried in the estate was a farm of 206 acres situated in Kendall county, and that farm was sold by the executor of said estate ''under and by virtue of an order of the County Court of Kendall county for the purpose of paying the legacies mentioned in said will, and that there were no debts against said estate.''

The testators offered Henry and Eugene Minard each a tract of land if they would pay each one-half of the $600 legacy to appellee. There was no obligation to pay that legacy unless they accepted the land. They never had an opportunity to exercise the option to take the land and pay the legacy, and therefore that provision in the will for paying appellee's legacy entirely failed. Henry Minard did pay one-half of it, three hundred dollars, whether voluntarily or under some other obligation not disclosed by the record we do not know. That left the question whether the other three hundred should be paid by the personal representative. In the absence of the provisions in clause 11 there might be doubt, but that clause which required the conversion into money of all assets not specifically devised only made the Garrett Biblical Institute the legatee "after paying all the aforesaid legacies." In other words, it was a direction to the personal representative to pay "all the aforesaid legacies" before turning over the residue of the property to the Garrett Biblical Institute. The provision for appellee in the ninth clause was one of the aforesaid legacies. The land in Kendall county was not specifically devised. We see no room for doubt that the testators, after providing that appellee's legacy might or might not be paid by Henry and Eugene Minard depending upon their acceptance of the devises to them, intended to say in the eleventh clause that that legacy should be paid in any event before the residuary legatee should be entitled to receive the proceeds of the property directed to be converted into money. The twelfth clause in providing that the proceeds of the lands should be paid over to the Garrett Biblical Institute expressly says that it shall be "as hereinbefore directed"; therefore we do not see that the rights of the residuary legatees as to this land are enlarged by that clause.

We agree with the trial court in his construction of

the will under the facts stipulated, therefore the order and judgment that appellant pay appellee said sum of three hundred dollars with interest is affirmed.

*Affirmed.*